CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

KENNETH E. CHYTEN (SBN 88098)
LAW OFFICE OF KENNETH E. CHYTEN
300 East Esplanade Drive, Suite 900
Oxnard, California 93036
Telephone: (805) 981-3910
Email: chyten@chytenlaw.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Michelle Azulay**, | Case No. 5:17-cv-00777-PSG-MRW |
| Plaintiff, | **Joint Status Report (Rule 26) for Scheduling Conference** |
| v. | |
| **Good Nite Inn Redlands, Inc**., a California Corporation; and Does 1-10, | Date:      September11, 2017<br>Time:      2:00 p.m. |
| Defendants. | Honorable Judge Philip S. Gutierrez |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed May 19, 2017, the parties hereby submit the following Joint Report.

1

## I.     Brief Factual Summary of the Case and Claims Being Asserted

_Plaintiff_: Michelle Azulay is a paraplegic. She uses a wheelchair for mobility. Defendant Good Nite Inn Redlands, Inc. owns the real property located at or about 1675 Industrial Park Avenue, Redlands, California. Defendant Good Nite Inn Redlands, Inc. owns the Good Nite Inn Redlands motel ("Motel") located at or about 1675 Industrial Park Avenue, Redlands, California.

Plaintiff was unable to stay at this Motel because Motel personnel refused to accommodate her. Before arriving at the Motel, plaintiff called the Motel to find out if it would be permissible to bring in a medical bed that plaintiff uses. Plaintiff was assured, on several occasions leading up to her actual stay, that it would not be a problem to bring in a medical bed that plaintiff would use during her stay. Plaintiff called the Motel the day before her arrival, to once again make sure that the Motel would make this reasonable accommodation of allowing the plaintiff to bring her medical bed for use during her extended stay at the Motel. On the day of plaintiff's arrival, and as plaintiff was unloading the bed so that she could place it in the Motel room, the manager of the Motel, Pamela, approached the plaintiff and asked her what she was doing with the bed. Plaintiff recited the various phone calls during the month leading up to her visit, reiterating that Motel personnel assured her that bringing in a medical bed would not be a problem. The manager, after hearing plaintiff's account, told plaintiff that she would have to investigate this further. The following day, the manager notified the plaintiff that the medical bed would not be allowed and that the plaintiff would have to leave.

The defendant's failure to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary to afford goods, services, facilities, privileges, advantages, or accommodations to

plaintiff is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, she seeks injunctive relief and the statutory minimum damage award under the Unruh Civil Rights Act.

Defendant: Prior to checking into Defendant's motel, Plaintiff never asked for permission to put a medical bed into the room that was rented to her, did not mention she intended to do this, and installed this bed in Defendant's room without Defendant's knowledge or consent. Plaintiff was thereupon advised that she either needed to remove the medical bed from Defendant's room, or check out of the motel. Plaintiff opted to check out, and was thereupon given a refund.

Defendant is informed and believes that Defendant does not need a medical bed and, in fact, stayed at the Super 8 motel in Redlands, in a non-accessible room, without a medical bed, from on or about September 8, 2016, immediately after checking out of Defendant's motel, until on or about February 1, 2017, when she was evicted for non-payment of rent. Defendant is further informed and believes that Defendant was observed standing in her room by a police officer at the time she was evicted from the Super 8 motel on or about February 1, 2017. As such, Plaintiff was not denied the full and enjoyment of Defendant's facilities as a result of not being allowed to install her own medical bed in Defendant's rooms, as she did not need or use this medical bed when renting a room at the Super 8 motel where she stayed in a non-accessible room for five months immediately after checking out of Defendant's motel.

Even if Plaintiff was disabled, and needed a medical bed, which Defendant denies, to allow Plaintiff to bring her own bed into a motel room would put current and future guests, as well as Defendant's employees, at risk of being exposed to mites, lice, and infectious diseases that could be

3

1    carried on Plaintiff's bed or bedding. Thus, allowing Plaintiff to bring her
2    own bed into Defendant's room would not constitute a reasonable
3    modification to Defendant's policies and practices even if Plaintiff needed
4    this accommodation, which she clearly did not, as evidenced by the fact that
5    immediately upon leaving Defendant's motel, Plaintiff rented a non-
6    accessible room at the Super 8 motel, without bringing in her medical bed,
7    for the next five months.

8

9    **II.     Complexity**

10         This case is not complex. There is no need for reference to the
11   procedures set forth in the Manual for Complex Litigation.

12

13   **III.    Motions Schedule**

14        <u>Plaintiff</u>: Anticipates filing a motion for partial summary judgment on
15   the issue of duty and liability under the ADA and the Unruh Civil Rights Act.
16   This will occur after the necessary depositions are taken in this case.

17        <u>Defendant</u>: Anticipates filing a motion for summary judgment, or
18   partial summary judgment, on the issues of, *inter alia,* whether (1) Plaintiff is
19   a person with a disability, (2) allowing use of a medical bed by Plaintiff would
20   be "reasonable under the circumstances as well as necessary for that
21   person," *PGA Tour, Inc. v. Martin* (2001) 532 U.S. 661,688, 121 S. Ct. 1879;
22   and (3) allowing Plaintiff to install her own medical bed and bedding in
23   Defendant's motel room would impose undue costs or burdens upon
24   Defendant including, but not limited to, being subjected to liability to
25   Defendant's employees or guests as a result of being exposed to mites, lice,
26   and infectious diseases that could be carried on Plaintiff's bed or bedding.
27   Defendant anticipates such motion will be made following written discovery,
28   and depositions of percipient and expert witnesses.

Joint Report of Counsel                                    5:17-cv-00777-PSG-MRW

## IV.     Settlement

The parties believe that settlement is worth exploring in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

## V.     Trial Estimate

<u>Plaintiff</u>: Anticipates a 2-3 day trial. Plaintiff proposes that the Final Pretrial Conference be set for September 3, 2018 and the Trial date be set for September 18, 2018.

<u>Defendant</u>: Estimates a four to five day trial, and proposes a final pretrial conference on September 3, 2018, and trial of September 25, 2018.

## VI.     Additional Parties

<u>Plaintiff</u>: Does not anticipate the need to amend the complaint to add additional defendants. Plaintiff, however, intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then, amend the complaint to ensure that the ADA claim reflects her intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: Does not anticipate, at this early juncture, of the need to add additional parties.

//
//
//

## VII.   Expert Witnesses

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

## RULE 26 DISCOVERY PLAN

### A.   Initial Disclosures

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by July 12, 2017.

### B.   Discovery

<u>Plaintiff</u>: Will seek discovery related to: (1) the ownership and operation of the business; (2) failure to make reasonable modifications in policies, practices, or procedures; (3) changes or modifications to the policies; (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant</u>:  Intends to serve interrogatories, requests for admission, and production requests, and to take percipient and expert depositions. The subjects on which discovery may be needed include, (1) whether Plaintiff is a person with a disability, (2) whether allowing use of a medical bed by Plaintiff would be "reasonable under the circumstances as well as necessary for that person," *PGA Tour, Inc. v. Martin, supra* 532 U.S. at 688, 121 S. Ct. 1879; and (3) whether allowing Plaintiff to install her own medical bed and bedding in Defendant's motel room would impose undue costs or burdens upon Defendant including, but not limited to, being subjected to liability to

Defendant's employees or guests as a result of being exposed to mites, lice, and infectious diseases that could be carried on Plaintiff's bed or bedding.

Defendant also intends to subpoena records from, and take depositions of employees of, (1) the Super 8 motel in Redlands to ascertain whether after checking out of Defendant's motel, Plaintiff stayed at the that motel without a medical bed, in a non-accessible room, for about five months before being evicted for non-payment of rent, as well as their observations of Plaintiff ambulating, and (2) the Redlands police department to determine whether police officers observed Plaintiff ambulating without a wheelchair and/or standing in her room at the Super 8 Redland motel. Defendant also intends to take the deposition of Steven Azulay who was the person who checked into Defendant's motel, as well as the Super 8 motel, and who then stayed with Plaintiff in these facilities.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a percipient discovery cutoff date of June 25, 2018, and an expert discovery cutoff date of August 25, 2018.

**C. Electronic Discovery**

<u>Plaintiff</u>: Plaintiff hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendant</u>:  Defendant requests that Plaintiff and Steven Azulay produce all audio and video recordings that occurred while at Defendant's

7

motel, that are in her or his possession, custody, or control. Plaintiff and Steven Azulay have an ongoing duty to preserve these audio and video recordings, and can no longer destroy or copy over them.

**D.     Privilege Issues**

The parties do not see any issues regarding privilege in this case.

**E.     Changes to Discovery Rules**

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant</u>: Defendant requests that rule FRCP 33(a)(1) limits be increased to 60 for both parties. Defendant otherwise requests no deviation from the Federal and Local Rules.

**F.     Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure.   The parties propose the following case management dates:

| Matter | Date |
| --- | --- |
| Last day to Amend Pleadings or Add Parties | 3/26/2018 |
| Initial Expert Disclosure | 6/15/2018 |
| Percipient Discovery Cutoff Date | 6/25/2018 |
| Rebuttal Expert Disclosure | 7/11/2018 |
| Discovery Cut Off Date (including experts) | 8/25/2018 |
| Last day to conduct settlement conference | 7/9/2018 |
| Pretrial Conference | 9/3/2018 |

8

| Trial | 9/25/2018 |
|-------|-----------|

Dated: July 11, 2017       CENTER FOR DISABILITY ACCESS

By: _/s/Dennis Price_
Dennis Price
Attorneys for Plaintiff

Dated: July 10, 2017       LAW OFFICE OF KENNETH E. CHYTEN

By: _/s/Kenneth E. Chyten_
Kenneth E. Chyten
Attorneys for Defendant

9

1

## **SIGNATURE ATTESTATION**

2
3
4
5
6

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

7
8
9

Dated: July 11, 2017                    CENTER FOR DISABILITY ACCESS

10
11
12
13
14
15

By: */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff

16
17
18
19
20
21
22
23
24
25
26
27
28

Joint Report of Counsel                                        5:17-cv-00777-PSG-MRW